RONALD D. VINES
Reg. No. 76408-066
Federal Detention Center-Philadelphia
P.O. Box 562
Philadelphia, PA  19105-0562


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RONALD D. VINES,

               Plaintiff,

     Vs.

SEAN MARLER, Warden,
FDC-Philadelphia,

JENNIFER KNOX, Associate Warden,
FDC-Philadelphia,

PETER LAWRIE, Associate Warden,
FDC-Philadelphia,

ALEXIS WRIGHT, Captain,
FDC-Philadelphia,

JOHN DOE #1, Shift Commander,
FDC-Philadelphia,

K. CASE, Detention Officer,
FDC-Philadelphia,

L. MAXAN, Detention Officer,
FDC-Philadelphia,

               Defendants.

No. _____

CIVIL RIGHTS COMPLAINT

(42 U.S.C. §1983 et. seg.)


COMES NOW the plaintiff, RONALD D. VINES, in propria persona (with the temporary assistance of a federal prisoner housed within the same facility as plaintiff), and for his Civil Rights Complaint, pursuant to 42 U.S.C. §1983 et. seg., against the above

1

so-named defendants, does hereby affirm, swear to, and allege as follows:

## I.INTRODUCTION

1) This is a Civil action arising under, inter alia, the Constitution of the United States of America, 42 U.S.C. §1983 et. seg., and the Common Law of the Commonwealth of Pennsylvania.

2) As alleged in greater detail below, on or about July 22, 2019 plaintiff, a pre-trial detainee at the Federal Detention Center of Philadelphia, was viciously attacked, while sitting in his wheelchair, by a knife wielding inmate. The attack upon plaintiff occurred after Detention Center Security Staff had been advised of a threat made upon the plaintiff, as well as growing tension and hostility towards the plaintiff's movement onto that cellblock. Despite facility staff having been advised of the very real threat to plaintiff's safety and well being, facility staff failed to act. Plaintiff was attacked approximately fifteen (15) feet from a Detention Center Cellblock Officer's Booth which, although it was supposed to be manned by the assigned Detention Officer for said cellblock, was abandoned when the assigned officer vacated his post, leaving the cellblock without direct, on-hands, security supervision, a custom and/or practice that is permitted and encouraged by facility supervisors and administrators.

The attack upon plaintiff resulted in him being stabbed numerous times in the head, face, neck, and shoulder areas. Plaintiff's serious injuries required emergency care at a local hospital's emergency room, as well as his being admitted in the

same hospital due to blood loss. Upon plaintiff's return to the detention center, despite the facility being constructed and designed with a fully operational infirmary to house inmates who require short term medical supervision and aid, the Facility administrators have implimented a regular practice and custom of not staffing said infirmary, so plaintiff was placed in a "Special Housing Unit" designed for and operated as a "punitive Segregation Unit".

This Civil Action alleges various violations of plaintiff's constitutionally based rights by various defendants, all of whom, at the specific times of said incidences, were Administrators, Supervisors and/or personnel, at the Federal Detention Center of Philadelphia, located in the Commonwealth of Pennsylvania, County of Philadelphia, Eastern District of Pennsylvania.

Plaintiff, who has been continuously incarcerated since the incidences described within this complaint, is currently incarcerated at the Federal Detention Center of Philadelphia. This Civil Complaint is presented with the [temporary] assistance of a fellow inmate. Plaintiff's Complaint is accompanied with a formal Motion for Appointment of Counsel, as he does not personally possess the ability to pursue these causes of action without such assistance. It is fully anticipated that once legal counsel is obtained this complaint will be amended.


## II. PARTIES

3) On information and belief, defendant SEAN MARLER was, at all times material to this complaint, the Warden and Chief

3

Administrative Officer, for the Federal Detention Center of Philadelphia (Hereinafter "FDC-PHL") a facility maintained and operated by the United States Department of Justices' Bureau of Prisons (Hereinafter "B.O.P."), located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

4) On information and belief, defendant JENNIFER KNOX was, at all times material to this complaint, the Associate Warden of Operations, for the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

5) On information and belief, defendant PETER LAWRIE was, at all times material to this complaint, the Associate Warden of Programs, for the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

6) On information and belief, defendant (JOHN DOE) WRIGHT was, at all times material to this complaint, Captain, and Chief of Security, for the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

7) On information and belief, defendant JOHN DOE #1 was, at all times material to this complaint, the on duty Lieutenant and Shift Commander, for the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

8) On information and belief, defendant K. CASE was, at all times material to this complaint, a Detention Center Security

4

Officer, at the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

9) On information and belief, defendant L. MAXAN was, at all times material to this complaint, a Detention Center Security Officer, at the FDC-PHL a facility maintained and operated by the B.O.P., located in the Commonwealth of Pennsylvania, County and City of Philadelphia.

10) Defendants, each of them, acted toward plaintiff under color of Statutes, Codes, Ordinances, Policies, Procedures, and Customs of the United States of America, and/or the Commonwealth of Pennsylvania, at all times material to this complaint.

11) Plaintiff is currently without sufficient access to records and/or documentation needed in order to specifically identify defendants by their full and legal names and/or official positions. As such, plaintiff fully intends to amend his complaint for purposes of properly identifying each defendant by name and official position as soon as he is able to ascertain such information through proper discovery procedures.

12) Plaintiff, RONALD D. VINES, is a citizen of the United States of America. He is a Pre-Trial Federal Detainee (BOP Registry Number 76408-066) confined at the FDC-PHL, located at 700 Arch Street, P.O. Box 562, Philadelphia, Pennsylvania, 19105-0562. He has been continuously incarcerated since the events that gave rise to this action. He is not a lawyer, not educated in law or legal procedures, and is unable to prosecute this action without the assistance of counsel. The complaint presented herein

has been prepared and submitted through the temporary assistance of another federal pre-trial detainee who is housed in the same facility as plaintiff.

## III. JURISDICTION AND VENUE

13) Jurisdiction and venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1332, and 1343, as this civil action arises under the Constitution of the United States of America and involves incidences which occurred at the Federal Detention Center of Philadelphia, upon Federal Lands, in the Commonwealth of Pennsylvania, City and County of Philadelphia, all while the plaintiff was under detention for the Federal District Court of the Eastern District of Pennsylvania.

14) Supplemental Jurisdiction exists pursuant to 28 U.S.C.S. §1367 over all other claims stated herein.

## IV. FACTUAL ALLEGATIONS

15) On or about July 22, 2019, Plaintiff, a pre-trial detainee at the FDC-PHL was moved to an FDC-PHL Cellblock commonly referred to as "6-South" Unit.

16) At the time of his placement in 6-South the plaintiff required the use of a wheelchair due to Diabetic Neuropathy, a diabetic related ailment that effected the nerves in his legs, and limited his ability to stand.

17) That despite inmate on inmate assaults and stabbings being a known problem at the detention center, the FDC-PHL, through customs and practices permitted by and encouraged by

6

defendants MARLER, KNOX, LAWRIE, and WRIGHT, does not separate inmates based upon their status' of pre-rial, convicted, sentenced, transit, length of sentence, or severity of offenses. Instead, the FDC-PHL simply houses inmates in whichever cellblock an open bunk exists.

18) Upon his placement in 6-South the plaintiff spoke with his Unit Manager (O'Boyle) and requested that he be permitted to return to his former cell [#631] in order to permit him easier access to receiving his meal trays and medications.

19) Unit Manager O'Boyle advised the plaintiff that he would be moved back into cell #631 the next day (July 23, 2019).

20) Shortly after he was advised that he would be placed back into cell #631 the plaintiff relayed that information to the inmate who [at that time] was housed in that cell, so that the inmate had prior knowledge of the pending move.

21) Upon being informed of the upcoming move, the inmate in cell #631 became angry and threatening towards the plaintiff, advising the plaintiff that if he tried to move into that cell "there would be problems," and the plaintiff would "get hurt bad!"

22) As result of the comments made to the plaintiff, he immediately advised the Detention Center Officer assigned to 6-South Unit, Defendant L. MAXAN, that the plaintiff was being threatened with assault because of the pending movement.

23) That Defendant L. MAXAN, despite having a realistic and reasonable opportunity to intervene in the threat of assault against plaintiff, failed to take any steps or actions to neutralize the threat made upon the plaintiff. Instead, Defendant

7

L. MAXAN advised the plaintiff that it was "almost shift change" and that plaintiff should "speak with the next shift officer."

24) At approximately 2:00 PM, on July 22, 2019 Defendant L. MAXAN was relieved by Defendant K. CASE as the 6-South Detention Officer.

25) Plaintiff immediately advised Defendant K. CASE of the situation involving the threats that had been made upon plaintiff. Despite having a realistic and reasonable opportunity to intervene in the threat of assault against plaintiff, Defendant K. CASE failed to take any steps or actions to neutralize the threat made upon the plaintiff. Instead, defendant K. CASE advised the plaintiff "You're a grown man, you can handle it!"

26) At approximately 6:55 pm plaintiff was confronted by Inmate Eli Thomas (BOP Registry # 89606-079) who was extremely angry, claiming that he had heard the plaintiff telling the officer (K. CASE) that the inmate in cell #631 was threatening him.

27) Plaintiff, who had made it a point of remaining within easy view of the unit Officer's Station for his own safety, attempted to gain Defendant K. CASE's attention, but was unsuccessful.

28) Within moments of approaching the wheelchair bound plaintiff, Inmate Thomas pulled out a home-made knife and began viciously attacking the plaintiff, stabbing him several times before other inmates, including the plaintiff's son (Elijah Vines), tried to protect the plaintiff from the assault.

29) After plaintiff was stabbed at least three (3) times, prompting other inmates to attempt to save the plaintiff's life, the FDC-PHL's Main Controlroom Officer (MULL) observed "fighting" on the 6-South Security Camera's monitor and called for assistance to 6-South.

30) At the time of the attack on plaintiff defendant K. CASE was not at his assigned post and was, in fact, off of the 6-south unit. Defendant K. CASE had to return to the unit from an unknown location.

31) That defendant JOHN DOE #1 was assigned as the FDC-PHL Shift Commander on July 22, 2019, and that said defendant was specifically assigned as the direct and immediate supervisor of Defendant K. CASE from 2:00 PM onward.

32) That defendant JOHN DOE #1 failed to properly supervise and/or monitor defendant K. CASE on July 22, 2019, and by doing so failed to require Defendant K. CASE to remain at his post at all times, unless relieved by replacement on-hand security staff, as was required of him.

33) That the FDC-PHL, through customs and practices permitted by and/or encouraged by defendants MARLER, KNOX, LAWRIE, WRIGHT, and JOHN DOE #1, does not adequately supervise Detention Center Security Staff resulting in said Security Staff failing to adequately monitor and/or supervise detainees housed within their assigned post, including a regular custom wherein officers frequently abandon their assigned posts without notifying supervisors or being relieved by substitute security staff.

34) As result of the vicious attack upon him, the plaintiff

9